**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAPTIVE AVENUE ASSOCIATES, INC.,<br>Plaintiff,<br>v.<br>EBAY INC.,<br>Defendant. | Civil Action No. 25-483-GBW |

# MEMORANDUM ORDER

Pending before the Court is Plaintiff Adaptive Avenue Associates, Inc.'s ("Adaptive" or "Plaintiff") Motion for Re-argument Regarding the Court's Memorandum Opinion Granting Defendant's Motion to Dismiss ("Plaintiff's Motion"). D.I. 45. Defendant eBay Inc. ("eBay" or "Defendant") opposes. D.I. 47. For the reasons set forth below, Plaintiff's Motion is denied.

## I. BACKGROUND

On April 21, 2025, Adaptive initiated this action against eBay, alleging infringement of U.S. Patent Nos. 7,171,629 ("'629 Patent") and 7,428,707 ("'707 Patent") (together, "Asserted Patents"). Adaptive filed the operative First Amended Complaint ("FAC") on July 28, 2025. *See generally* D.I. 18. On August 11, 2025, eBay moved to dismiss Adaptive's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the asserted claims of the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101. *See generally* D.I. 21. On July 22, 2026, the Court issued a Memorandum Opinion granting eBay's motion to dismiss with prejudice (the "Memorandum Opinion"). D.I. 43.

## II. LEGAL STANDARD

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc v. Amneal Pharms. LLC*, No. 16-853, 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, No. 24-861, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (quoting *Amgen*, 2021 WL 4843959, at *1). Similarly, reconsideration is appropriate when the moving party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999). "Motions for re-argument shall be sparingly granted." D. Del. LR 7.1.5(a); *see also Corning Inc. v. SRU Biosystems*, No. 03-633, 2006 WL 155255, at *3 n.1 (D. Del. Jan. 20, 2006) ("Reargument, like reconsideration, is granted sparingly."). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, No. 13-1937, 2017 WL 877301, at *2 (D. Del. Mar. 6, 2017).

## III. DISCUSSION

Plaintiff moves for re-argument on the grounds that the Court misapprehended or overlooked Plaintiff's allegations and arguments in deciding the motion to dismiss, resulting in incorrect determinations that Claim 11 of the '629 Patent and Claims 1 and 7 of the '707 Patent are patent-ineligible at both step one and step two of the *Alice* inquiry. *See generally* D.I. 45. The Court addresses Plaintiff's arguments below.

**A. The Court's Decision Regarding the Eligibility of the '629 and '707 Patents Does Not Warrant Re-argument**

1. *Alice* Step One

With respect to the Court's *Alice* step one analysis for both Asserted Patents, Plaintiff contends that the Court overlooked the FAC and Plaintiff's arguments articulating how the Asserted Patents overcome real technological limitations in the art. *See* D.I. 45 at 2 ("The Court has misapprehended or overlooked the FAC as well as Plaintiff's arguments that clearly articulate – and must be taken as true – how the '629 Patent fixes a problem in computer functionality, as opposed to simply automating a human inefficiency in navigating web pages."); *id.* at 5 ("[T]he technological solution included not needing to reprogram the system architecture to provide an automated slide show and also included not needing to download or otherwise add a separate animation program to view a slide show automatically. It also included the ability for web developers to created automated presentations of web pages in organized sequences without the cost of reprogramming the content."); *id.* at 10 (stating that the Court "improperly disregards paragraph 46 of the FAC, which highlights the inventiveness of the claims of the '707 Patent and must be taken as true"). D.I. 45 at 10. Plaintiff also claims that the Court overlooked "the FAC's allegations referencing the code that was submitted with the application that would become the '629 Patent that provides specific examples of 'how to program or engineer the underlying technology.'" *Id.* at 7. The Court addresses these arguments in turn.

*First,* the Court did not overlook the FAC or Plaintiff's arguments regarding the eligibility of the Asserted Patents. The Court carefully considered all the factual allegations contained in the FAC, along with Plaintiff's arguments as to how the Asserted Patents are directed to patent-eligible subject matter. Indeed, the Court acknowledged that Plaintiff "plausibly alleged that the methods described in the '629 Patent were generally innovative." D.I. 43 at 13. However, even taking as

true all of Plaintiff's allegations about the problems that the Asserted Patents solved, the Court still was unpersuaded that any innovativeness of the Asserted Patents rendered them patent-eligible under *Alice* step one. That Plaintiff disagrees with the Court's reasoning does not mean that the Court misunderstood or ignored Plaintiff's allegations. Disagreement with the Court's reasoning does not warrant re-argument. *See Geatti v. AT&T*, 232 F. App'x 101, 104 (3d Cir. 2007) ("[D]isagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration."). Plaintiff's disagreements with the Court's decision are instead appropriate for appeal. *See United States v. Christie Indus., Inc.*, 465 F.2d 1002, 1012 (3d Cir. 1972) ("A party's disagreement with an order is a matter to be litigated by appeal.").

*Second*, the Court did not ignore Plaintiff's arguments regarding the compact disc containing code in ruling on the motion to dismiss, as Plaintiff suggests. *See id.* at 7. The Court observed, both with respect to the FAC and Plaintiff's briefing, that the '629 Patent included a compact disc containing code, and that the code "informs a person of skill in the art how to make and use the invention, including how the compose and performer operate and are programmed." D.I. 22 at 17 (citing D.I. 18 ¶ 38). But, as the Court reasoned in its Memorandum Opinion, Claim 11 of the '629 Patent itself is not directed to programming or engineering the underlying technology—and the inclusion of a disc of code to the '629 Patent does not change that fact. *See* D.I. 43 at 15. Hence, the Court did not rely on the disc code in its analysis of the patent claims.[1] At its core, Claim 11 of the '629 Patent is directed to a method for customizing access to a plurality of websites, and it does not speak to the underlying engineering or programming of the alleged

[1] The Court also notes, and Defendant points out, that Plaintiff did not rely on the compact disc "as a substantive basis for its patent eligibility arguments under § 101." D.I. 47 at 6. Plaintiff only now meaningfully relies on the compact disc to support the idea that the patent *does* teach a person of ordinary skill in the art how to program or engineer the underlying technology. D.I. 45 at 6-7.

invention. *See* '629 Patent at Claim 11; *see also* D.I. 43 at 14 (likening the claims of the '629 Patent to the claims in *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018), where the Federal Circuit emphasized the fact that patent claims themselves were not directed to how to engineer or program a data set). Thus, contrary to Plaintiff's contention, the Court did not overlook the compact disc in deciding that the '629 Patent was directed to an abstract idea.

For all these reasons, the Court did not overlook or misapprehend the FAC in holding that the Asserted Patents were directed to an abstract idea under *Alice* step one.

2. *Alice* Step Two

Plaintiff next argues that the Court appears to disregard Plaintiff's allegations of unconventionality at *Alice* step two. D.I. 45 at 8. Plaintiff's contentions are largely based on the implication that the Court has failed to take as true Plaintiff's allegations in the FAC. *See* D.I. 45 at 7-10 (highlighting that the allegations in the FAC must be taken as true). Not so. In its Memorandum Opinion, the Court took to be true Plaintiff's allegation that the composer and performer in the '629 Patent were unconventional, as pled in the FAC. *See* D.I. 43 at 18 ("[E]ven assuming that these individual components (and the location thereof) are unconventional, Adaptive has not plausibly alleged that they are inventive."); *id.* at 19 ("Absent a meaningful explanation of how these unconventional components are configured and/or used in an inventive way, the Court cannot accept Adaptive's conclusory assertions about the '629 Patent's inventiveness."). Likewise, the Court took to be true Plaintiff's allegations of unconventionality with respect to the features of the '707 Patent. *See id.* at 22-23 ("Even if automatic extraction is unconventional, Adaptive has not plausibly alleged that it is inventive."). To that end, the Court appreciated for the purpose of the motion to dismiss that the patents were *innovative*, and that their features were not conventional. *See* D.I 43 at 13 ("Adaptive has plausibly alleged that the methods described in the '629 Patent were generally innovative."). The problem with Plaintiff's allegations and briefing

arguments was that, "even assuming that these individual components (and the location thereof) are unconventional, Adaptive has not plausibly alleged that they are inventive." *Id.* at 18. That conclusion follows from the principle that, "[i]n ruling on a motion to dismiss," a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014). In the patent context, this means that the Court "may assume that the techniques claimed are '[g]roundbreaking, innovative, or even brilliant,' but that is not enough for eligibility." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) (alteration in original) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 591 (2013)). Thus, while the Court accepted Plaintiff's factual allegations regarding the unconventionality of the components as true, the Court was not required to then accept a legal conclusion that those unconventional components are inventive for purposes of patent eligibility.

Plaintiff also argues that the Court overlooked Plaintiff's arguments about a combination of elements being inventive, as pled in Paragraphs 35-37 of the FAC. D.I. 45 at 9. The Court did not overlook these arguments. Paragraphs 35 of the FAC describes the "inventive concepts . . . found in the claims of the '629 Patent," D.I. 18 ¶ 35, while paragraphs 36 and 37 describe the "unconventional location" where the composer and performer operate, *id.* ¶¶ 36-37. Nowhere did Plaintiff plead that an ordered combination renders the '629 Patent inventive. Relatedly, Plaintiff contends that its motion to dismiss briefing cited a Federal Circuit case for the proposition that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." D.I. 22 at 18 (citing *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016)). But the fact that Plaintiff's answering brief for the motion to dismiss cited one case that discusses non-conventional arrangements of conventional pieces does not mean that Plaintiff meaningfully made such an argument to that effect. In the

sentence directly following Plaintiff's citation to *Bascom*, Plaintiff stated that Claim 11 of the '629 Patent includes "unconventional components" operating at "unconventional locations," but never claimed that the ordered combination of those pieces creates an inventive concept. *See id.* In any event, as Defendant points out, *see* D.I. 47 at 9, the Court still examined the asserted claim elements as an ordered combination in the Memorandum Opinion and found that the claims were not patent-eligible as such. Thus, to the extent that Plaintiff *did* properly plead an ordered combination that supplied the inventive concept, the Court's conclusion would not change.

For all these reasons, the Court did not overlook or misapprehend the FAC in holding that the Asserted Patents did not include an inventive concept under *Alice* step two.

**B. Plaintiff's Notice of Supplemental Authority Does Not Alter the Court's Position**

In further support of Plaintiff's Motion, Plaintiff filed a Notice of Supplemental Authority (D.I. 46) informing the Court of decisions in cases concerning the same patents in the United States District Court for the Western District of Texas, where the defendant's motions to dismiss pursuant to 35 U.S.C. § 101 were denied. In denying the motions in those cases, Magistrate Judge Derek T. Gilliland stated that the briefing raised factual disputes and that "the most prudent approach for a § 101 invalidity analysis is to conduct it on a full record." D.I. 42, Attachment 2, at 3. In adopting Judge Gilliland's Report and Recommendation, Judge David Count agreed with Judge Gilliland that "the briefing raises disputes relevant to the § 101 analysis." D.I. 42, Attachment 1, at 2. Judge Count further clarified that "[n]othing in this Order should be construed as a determination that the asserted claims are patent eligible." *Id.*

The Court does not find Plaintiff's Notice of Supplemental Authority persuasive for two reasons. *First*, those courts' decisions are not binding on this Court. Thus, this Court is freely within its right to disagree on whether a fuller record is needed to assess the eligibility of the

patents at issue in this action. *Second*, the courts in those cases did not resolve the motion based on an in-depth review of the patents. This makes sense because courts differ on their approaches to ruling on patent eligibility under § 101 at the motion to dismiss stage generally. Indeed, Judge Gilliland opined that decisions on motions based on § 101 are best reserved after a full record is developed, except in rare instances. *See* D.I. 45, Attachment 2, at 3 ("[T]he Court believes that the most prudent approach for a § 101 invalidity analysis is to conduct it on a full record."). Judge Count agreed, stating that the "briefing raises disputes relevant to the § 101 analysis," D.I. 46, Attachment 1, at 2, without elaborating on what those disputes are. Thus, those courts did not delve into the substance of the patents at issue. In light of that fact, this Court finds that other courts' decisions to hold off on deciding a motion to dismiss absent a substantive analysis of the patents is not a ground for this Court to reconsider its own conclusions based on a review of the patents.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Re-argument Regarding the Court's Memorandum Opinion Granting Defendant's Motion to Dismiss (D.I. 45) is denied.

* * * * *

WHEREFORE, at Wilmington this 6th day of November 2026, **IT IS HEREBY ORDERED** that Plaintiff Adaptive Avenue Associates, Inc.'s Motion for Re-argument Regarding the Court's Memorandum Opinion Granting Defendant's Motion to Dismiss (D.I. 45) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE